MAY TERM, 1839.

Atwood, v. Reyburn.

sons to act as *um-pires*, though the word *arbitrators* was used.

---

## ATWOOD v. REYBURN.

1. In the trial of cases in the circuit court, brought by appeal from a justice's court, the same rules of evidence must be observed in the former as in the latter court.
2. The 10th sec. of the 4th art. of the act relating to practice at law, giving to "either party to a suit in any court of record," a "discovery from the other party," &c., was intended for suits originating in courts of record, and not for those brought by appeal from a justice's court into a court of record.

APPEAL from the circuit court of Washington county.

*Scott & Ziegler,* counsel for appellant:
1. That the circuit court erred in not vacating and setting aside the judgment of the justice on the reasons filed.
2. That the circuit court ought to have allowed Atwood his set-off on the trial in the circuit court.
3. That Atwood was entitled to have his bill of discovery answered at, and before, the trial of the cause.
4. That Atwood was entitled to his account and receipts as payments of, and as off-sets, on the trial in the circuit court.

*P. Cole,* counsel for appellee:
1. The circuit court committed no error in not reversing, vacating and setting aside the judgment of the justice, because the appeal had already vacated the judgment of the justice.

2. The circuit court committed no error in not allow-ing Atwood to give his set-off in evidence, because the set-off was not before the justice; and second, because the set-off exceeded the jurisdiction of the justice.

3. The circuit court committed no error in not com-pelling the justice to correct his record, because there is no motion to that effect, nor is the affidavit or the point preserved by exception.

4. The circuit court committed no error in refusing the bill of discovery of defendant, because the defendant attempted to get in, as evidence, in this way, an off-set which was not before the justice of the peace, which was beyond his jurisdiction, and which the circuit court, under the law, could not take cognizance of.  The bill of discovery, also, came too late—it was presented on the trial.

TOMPKINS, Judge, delivered the opinion of the court.

Reyburn sued Atwood before a justice of the peace on a bond, and had judgment.  Atwood appealed to the circuit court, and there filed a bill for a discovery, under the 10th section of the 4th article of the act to regulate the practice at law in courts of record—see Digest of 1835, p. 462.  This section gives to either party to a suit a right of discovery from the other of all matters material to the issue in such suit, &c.

The act to establish justices' courts, &c., gives to either party the right either to have the testimony of the other party or to swear himself, in all cases commen-ced before a justice of the peace—see 17th section of the 5th article of that act, p. 361, of the Digest of 1835. If a different rule of evidence were to be admitted in the trial of the same cause before a justice, and where it is brought into the circuit court by appeal, entirely differ-ent results must be expected, although each court, and the jury before each court, might have done its duty. The courts have always been inclined to observe the same rules of evidence where the cause is brought by appeal from a justice, that were there observed.  The bill of discovery was, in my opinion, intended for suits originating in courts of record, and not for those brought by appeal from the justices' courts into the courts of re-cord.  The circuit court then, in my opinion, committed no error in refusing to allow the bill of discovery.  But the appellants wished to prove a set-off of one hundred and nineteen dollars on an account, a sum exceeding the

In the trial of ca-ses in the circuit court, brought by appeal from a jus-tices' court, the same rules of evi-dence must be ob-served in the for-mer as in the lat-ter court. The 10th sec. of the 4th art. of the act relating to practice at law, giving to "either party to a suit in any court of re-cord," a "discov-ery from the other party," &c., was intended for suits originating in courts of record, and not for those brought by appeal from a justices' court into a court of record.

jurisdiction of a justice, which the statute forbids, and which the decision of this court equally, before the statute, forbade—see sec. 9, p. 354, of Digest of 1835. In my opinion, then, the judgment of the circuit ought to be affirmed, and such too being Judge Napton's opinion, it is accordingly affirmed.